Brian J. Foster, #012143
Ross P. Meyer, #028473
**FOSTER LAW GROUP**
4402 N. 36th Street, #127
Phoenix, AZ 85018
Tel:   (602) 509-7345
E-mail: *bfoster22@yahoo.com*
         *ross@meyerpllc.com*

*Attorneys for Defendant Lucid Autoglass and RV, LLC*

# UNITED STATES DISTRICT COURT

# FOR THE STATE OF ARIZONA

| | |
|---|---|
| DANIEL BIRD,<br><br>         Plaintiff,<br>   v.<br><br>LUCID AUTOGLASS AND RV, LLC, an Arizona limited liability company,<br><br>         Defendant. | Case No. 2:24-cv-SPL<br><br>**ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>(Assigned to the Honorable Steven P. Logan) |

Defendant LUCID AUTOGLASS AND RV, LLC, an Arizona limited liability company ("Lucid" or "Defendant") hereby admits, denies and affirmatively alleges as set forth herein.  Any allegations of Plaintiff's Complaint not specifically admitted herein are deemed denied.

### PRELIMINARY STATEMENT

1. Lucid denies the allegations contained in paragraph 1.

2. Lucid denies the allegations contained in paragraph 2.

3. Lucid denies the allegations contained in paragraph 3.

4. Lucid denies the allegations contained in paragraph 4.

## PARTIES

5. Lucid admits the allegations contained in paragraph 5.

6. Lucid admits the allegations contained in paragraph 6.

## JURISDICTION AND VENUE

7. Lucid admits the allegations contained in paragraph 7.

8. Lucid denies the allegations contained in paragraph 8.

## TCPA BACKGROUND

9. Lucid admits the allegations contained in paragraph 9.

10. Lucid is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in paragraph 10 therefore, denies same.

11. Lucid denies the allegations contained in paragraph 11.

12. Lucid denies the allegations contained in paragraph 12.

13. Lucid admits the allegations contained in paragraph 13.

14. Lucid admits the allegations contained in paragraph 14.

15. Lucid is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in paragraph 15 therefore, denies same.

## FACTUAL ALLEGATIONS

16. Lucid admits the allegations contained in paragraph 16.

17. Lucid is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in paragraph 17 therefore, denies same.

18. Lucid is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in paragraph 18 therefore, denies same.

19. Lucid is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in paragraph 19 therefore, denies same.

20. Lucid is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in paragraph 20 therefore, denies same.

21. Lucid is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in paragraph 21 therefore, denies same.

22. Lucid is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in paragraph 22 therefore, denies same.

23. Lucid is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in paragraph 23 therefore, denies same.

24. Lucid is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in paragraph 24 therefore, denies same.

## **CLASS ACTION STATEMENT**

25. Lucid incorporates its response to paragraphs 1 through 24 of the Complaint as if set forth herein.

26. Lucid is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in paragraph 26 therefore, denies same.

27. Lucid is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in paragraph 27 therefore, denies same.

28. Lucid denies the allegations contained in paragraph 28.

29. Lucid is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in paragraph 29 therefore, denies same.

30. Lucid denies the allegations contained in paragraph 30.

31. Lucid is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in paragraph 31 therefore, denies same.

32. Lucid is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in paragraph 32 therefore, denies same.

33. Lucid denies the allegations contained in paragraph 33.

34. Lucid denies the allegations contained in paragraph 34.

35. Lucid denies the allegations contained in paragraph 35.

36. Lucid denies the allegations contained in paragraph 36.

37. Lucid is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in paragraph 37 therefore, denies same.

38. Lucid denies the allegations contained in paragraph 38.

39. Lucid denies the allegations contained in paragraph 39.

40. Lucid is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in paragraph 40 therefore, denies same.

// // //

### FIRST CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act
(47 U.S.C. § 227 (c)(5) & 47 C.F.R. § 64.2100(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

41. Lucid incorporates its responses to paragraphs 1 through 40 of the Complaint as if set forth herein.

42. Lucid denies the allegations contained in paragraph 42.

43. Lucid denies the allegations contained in paragraph 43.

44. Lucid denies the allegations contained in paragraph 44.

45. Lucid denies the allegations contained in paragraph 45.

### ADDITIONAL AFFIRMATIVE DEFENSES AND DENIALS

1. Plaintiff's Complaint fails to state a claim against Lucid.

2. Lucid denies all allegations in Plaintiff's Complaint not expressly admitted to herein.

3. Plaintiff has failed to mitigate his alleged damages.

4. Lucid has not violated the TCPA.

5. Plaintiff is not an adequate class representative.

6. Plaintiff's counsel is not an adequate class action law firm.

7. Individual TCPA claims would be more appropriate than a class action.

8. Plaintiff's Complaint contains many alleged quotations from statutes, rules and court decisions and narrative statements which are not appropriate allegations in a complaint and therefore these narratives, quotations, incomplete quotations and statements have been denied.

## CONCLUSION

**WHEREFORE**, having fully answered the allegations of Plaintiff's Class Action Complaint, Lucid requests this Court:

1. Dismiss Plaintiff's Complaint with prejudice;

2. Award Lucid its costs and attorney's fees against Plaintiff;

3. Enter such other and further relief as the Court deems just and proper in the premises.

DATED this 15th day of February, 2024.

**FOSTER LAW GROUP**

By: /s/ *Brian J. Foster*
   Brian J. Foster
   Ross P. Meyer, Esq.
   4402 N. 36th Street, #127
   Phoenix, Arizona 85018
   Bfoster22@yahoo.com
   ross@meyerpllc.com
   *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2024, I electronically transmitted the foregoing Answer to Plaintiff's Class Action Complaint via the CM/ECF System to the Clerk's Office for filing and transmittal of the Answer to Plaintiff's Class Action Complaint to the Judge to be assigned and the CM/ECF registrants, and also sent it via e-mail to:

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Anthony@paronichlaw.com
*Attorney for Plaintiff*


*/s/ Brian J. Foster*